UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:23-cv-00029 |
| TRACKING SYSTEM, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb filed several pro se civil rights cases within a few months of each other from the Cumberland County Jail. In this case, he has filed a Complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application to proceed as a pauper (Doc. No. 5), and a motion requesting an extension of time to file an Amended Complaint. (Doc. No. 6). As explained below, Plaintiff will be granted pauper status and this case will be dismissed for failure to state a claim.

**I.    Application to Proceed as a Pauper**

An inmate may bring a civil suit in federal court without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears that Plaintiff cannot pay the full filing fee, his application to proceed as a pauper (Doc. No. 5) is **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the

preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. Id. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Cumberland County Sheriff's Department to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

**II.     Initial Review**

The Court is authorized to review the Complaint and dismiss any part that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court must also hold this pro se pleading "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**A.     Summary of the Complaint**

The Complaint is difficult to understand on its own, though it does reference Plaintiff's legal proceedings in state court, so the Court will take judicial notice of publicly available information regarding those proceedings to help contextualize the Complaint.

Plaintiff pleaded guilty to one count of domestic assault in Cumberland County Criminal Court,[1] and an appeal from that judgment is currently pending in the Tennessee Court of Criminal

---

[1] See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=06B0609D-033A-4A80-B73D-ECABE7C4E9FC (last visited Aug. 30, 2023).

Appeals.[2] At an early stage of his criminal case, Plaintiff was represented by an attorney named Ivy Gardner Mayberry. See Webb v. Mayberry, No. 2:23-cv-00025, Doc. No. 6 at 12–13 (M.D. Tenn. May 15, 2023) (documents from state criminal case attached to amended complaint). The state court allowed Mayberry to withdraw as Plaintiff's counsel in March 2022. See id.

In an attempt to find a new legal representation, Plaintiff drove to several attorneys' offices for prospective client meetings. (Doc. No. 1 at 1). After one meeting, Plaintiff spoke on the phone with someone from an attorney's office who told Plaintiff that "they couldn't take [his] case." (Id.). Plaintiff maintains that the decision to not accept him as a client was due to the improper influence of outside actors, alleging: "[T]he attorney or Judge who had access to a tracking system on my truck was doing a follow-up with the attorney's I tried hiring and denied my right to effective counsel by telling that attorney not to help me." (Id.).

**B.     Legal Standard**

To conduct this review, the Court applies the Rule 12(b)(6) standard. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

**C.     Analysis**

Plaintiff brings this case under 42 U.S.C. § 1983, which allows an individual to bring a civil claim against a state actor for violating federal law. See Smith v. City of Salem, Ohio, 378

---

[2] See https://pch.tncourts.gov/CaseDetails.aspx?id=86649&Number=True (last visited Aug. 30, 2023).

F.3d 566, 576 (6th Cir. 2004). The only Defendant is named as "Tracking System." (Doc. No. 1 at 1). The Court assumes that Plaintiff used this label as a stand-in for whatever entity operates the alleged tracking system on his truck that was allegedly accessed by the "attorney or Judge" who allegedly told attorneys not to accept Plaintiff as a client in his criminal case. For two reasons, however, Plaintiff fails to state a claim against this entity under Section 1983.

First, the Complaint consists of "bare allegations" presented without the necessary "factual context" to "render [them] plausible and thus entitle [them] to a presumption of truth at this stage in the litigation." See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 374 (6th Cir. 2011) (citing Iqbal, 556 U.S. at 681).

Second, "Section 1983, by its own terms, applies only to those who act 'under color' of state law. Therefore, as a general rule, [Section] 1983 does not reach the conduct of private parties acting in their individual capacities." Weser v. Goodson, 965 F.3d 507, 515 (6th Cir. 2020) (citing Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007)). One exception is when a private party "engaged in a conspiracy or concerted action with other state actors" by "willfully participat[ing] in joint action with state agents." Id. at 516 (citation omitted). Here, Plaintiff does not allege any factual matter that would allow the Court to infer that the alleged entity identified as "Tracking System" engaged in conduct attributable to the state on its own. And Plaintiff cannot establish state-actor status for that entity through its alleged connection to an unnamed judge, as "conspiracy claims must be pled with some degree of specificity." See Moldowan v. City of Warren, 578 F.3d 351, 395 (6th Cir. 2009) (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987)). Plaintiff's allegations of a conspiracy between the unnamed operator of a tracking system and the unnamed judge, however, are vague and conclusory at best. Accordingly, Plaintiff has not established that the only named Defendant in this case was a state actor.

### III. Conclusion

For these reasons, this case is **DISMISSED** for failure to state a claim and the Court **CERTIFIES** that an appeal in this matter would not be taken in good faith. Plaintiff, therefore, will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3). Plaintiff's pending motion (Doc. No. 6) is **DENIED AS MOOT**.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE